UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TOM FRANKLIN          :
                      :
    v.                :     C.A. No. 14-480ML
                      :
TARRANT COUNTY APPRAISAL :
BOARD                 :

**REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On November 3, 2014, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (Documents No. 1 and 2). Plaintiff's Application (Document No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted," and/or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff, a resident of Fort Worth, Texas filed this pro se Complaint against the Tarrant County Appraisal Board, located in Fort Worth, Texas. Plaintiff asserts that Defendant is a debt collector and has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g). Plaintiff also references the foreclosure of his property and seeks a stay of all foreclosure proceedings as well as $10,000,000.00 for "illegal foreclosure practices" and "all relief this Court deems just and proper." (Document No. 1 at 4).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal

claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

The Complaint is not well plead. It is set forth in a rambling narrative and contains conclusory statements unsupported by any facts. Moreover, a review of the Complaint confirms that Plaintiff has not alleged any connection of either the parties or the issues in dispute with Rhode Island. Accordingly, venue in the District of Rhode Island is improper pursuant to 28 U.S.C. § 1391(b), "in that no party is a resident of Rhode Island and none of the events or omissions that appear to give rise to the claim occurred in Rhode Island." Arroyo v. Massachusetts, No. CA 12-753 S, 2013 WL 3288106, at *8 (D.R.I. June 28, 2013). In short, there are no factual ties to Rhode Island whatsoever, and the case appears to challenge the foreclosure of property located in Texas. For this reason alone, the case is subject to dismissal and may be characterized as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). See Cox v. Rushie, C.A. No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) ("[b]ecause the defense of improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed,' this action will be dismissed.") (internal citation omitted).

Further, based on Plaintiff's litigation history[1] and the failure of the Complaint to state any cognizable federal claim, any appeal by Plaintiff of this matter would not be taken in good faith. Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in

---

[1] In May 2014, Plaintiff filed an action against the same Defendant in the U.S. District Court for the Eastern District of Virginia. See Franklin v. Tarrant Cnty. Dist. Appraisal Bd., No. 14-361-JAG (May 22, 2014). Although his Complaint in that case attempted to mount claims pursuant to 42 U.S.C. § 1983, they were summarily dismissed. The Court also noted that "[i]n the last two years alone, this Court is aware of sixteen lawsuits that Franklin has filed in courts throughout the United States and its territories. The Court hereby puts Franklin on notice that continuing to file frivolous lawsuits, such as this one, will likely result in sanctions." (See C.A. No. 14-361-JAG at Document No. 4 at 4).

writing that it is not taken in good faith." I therefore recommend that the District Court also find that any appeal would be one that plainly does not deserve additional judicial attention and certify that such an appeal would not be taken in good faith.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 6, 2014