UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TOM FRANKLIN | : | |
| | : | |
| v. | : | C.A. No. 14-480ML |
| | : | |
| TARRANT COUNTY APPRAISAL BOARD | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiff Tom Franklin's Motion for Leave to Appeal In Forma Pauperis. (Document No. 6). Because I find that the appeal is groundless and thus not taken in good faith, I recommend that the District Court DENY Plaintiff's Motion.

Plaintiff, proceeding pro se, has been granted leave to proceed IFP in this action. Plaintiff's Complaint is based on his allegation that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g). Judge Lisi issued an Order on December 2, 2014 dismissing the Complaint because it was frivolous and failed to state a claim on which relief may be granted. (Document No. 4).

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal in forma pauperis. Although Plaintiff filed an Application seeking pauper status in satisfaction of Fed. R. App. P. 24(a)(1)(A), he failed to satisfy the requirements of Fed. R. App. P. 24(a)(1)(B) or (a)(1)(C) which require that he claim an entitlement to redress and state the issues he intends to present on appeal. Because he has failed to comply with these procedural requirements, I recommend his Application be DENIED.

In addition to failing to properly present his Application, Plaintiff is also barred from pursuing his appeal in forma pauperis because his appeal is without merit. Plaintiff's right to appeal in forma

pauperis is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff's attempt to appeal to the First Circuit Court of Appeals presents no cognizable legal theories or factual allegations with merit. Accordingly, this Court recommends that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Application. (Document No. 6).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 7, 2015